**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION**

| | | |
|---|---|---|
| ETHEL LOU WEST | § | |
| | § | |
| PLAINITIFF, | § | CIVIL ACTION NO. 1:15-CV-220-SS |
| | § | |
| V. | § | |
| | § | |
| HUD HOUSING OF TEXAS AND | § | |
| MISSOURI, | § | |
| DEFENDANTS | § | |

**ORDER ON REQUEST TO PROCEED IN FORMA PAUPERIS
AND MOTION TO APPOINT COUNSEL AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's Complaint [#1], Motion to Proceed in Forma Pauperis [#2], Motion to Appoint Counsel [#3], and Supplement to Complaint [#6].  Because Plaintiff is requesting permission to proceed in forma pauperis, the merits of her claims are subject to initial review pursuant to 28 U.S.C. § 1915(e).

**I. REQUEST TO PROCEED IN FORMA PAUPERIS**

The undersigned has reviewed Plaintiff's financial affidavit and determined she is indigent and should be granted leave to proceed in forma pauperis.  It is therefore ORDERED that Plaintiff is GRANTED in forma pauperis status and that her complaint be filed without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a).  This

1

indigent status is granted subject to a later determination the action may be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although she has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending dismissal of Plaintiff's claims.   Therefore, ***service upon Defendants should be withheld*** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. REVIEW OF THE MERITS OF THE CLAIMS

### A.  Factual Allegations

Plaintiff Ethel Lou West[1] alleges "HUD Housing of TX and MO co-hursted with Attorney General Child Support by lieing[sic] to us so they can refuse us from getting housing." Complaint [#1] at 1.  Plaintiff specifically alleges HUD Housing in Fort Worth, Texas falsely stated that her husband, James West, had failed a criminal background check, and that a HUD-sponsored apartment complex, Windriver, kept Plaintiff's $250 deposit and used it to throw a party.  *Id.*  Plaintiff alleges HUD Housing in Independence, Missouri lied to Plaintiffs by telling them their name was on the top of the waiting list but still allowing "any location to turn us away, because they make up lies so they don't have to help us." *Id.*

---

[1] Plaintiff styles this complaint "Ethel Lou West + James Jr. West v. HUD Housing of TX + MO." Compl. [#1].  Only Ethel West has signed the complaint, and as she is not an attorney, she cannot represent James West in this action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. Tex. 1998).  James West has not filed or joined Plaintiff's complaint and is therefore not a party to this action.  *Id.* (a pleading signed by a nonlawyer on his own behalf and on behalf of another is effective only as to the signer.)

In support of her claims, Plaintiff has attached a partial news article, un-dated, that appears to be from "fwweekly.com," and that features the Wind River Apartments in Fort Worth as an example of subsidized housing located in an area where crime is a problem. Suppl. to Compl. [#6] at Untitled News Article, p. 2. She also attaches a copy of a $200 check made out to Wind River and labeled "Deposit." *Id.*, Check Copy. Finally, she includes what appear to excerpts from Wind River's Rental Criteria. *Id.*, Wind River Apartments Rental Criteria. Plaintiff has not included documentation of any application or complaint made directly to HUD, either in Texas or Missouri. [2]

As noted in footnote 2, below, Plaintiff has included a variety of additional documentation, the relevance of which is not immediately apparent, but which undisputably contains personal data identifiers of non-parties, including minor children. Plaintiff has been specifically informed of the need to redact such personally identifying data as names of minor children, social security numbers of any individual, the full birth date of any individual, and financial account numbers pertaining to any individual. See Clerk's Letter of March 17, 2015 [#5] at 2. Because the attachments to Plaintiff's Complaint [#1] contain voluminous amounts of the very type of personally identifiable sensitive data Plaintiff has been instructed to redact or

_____

[2] Plaintiff has also attached to her complaint (1) several apparently unrelated documents concerning a prior lawsuit against The Hills Apartments, Civil Action No. 4:14-CV-630-O, which was dismissed without prejudice for failure to prosecute on September 3, 2014, (2) the citation and original petition in a child support action concerning the two children of Ethel Ferrell (Plaintiff's maiden name), and James West, her current husband; (3) a June 2013 communication from the Dallas County Public Defender's Office to James West (not a party to the instant suit) concerning a contempt order entered against James West, in Cause No. 09-18430, *In re Interest of West*, a child support action concerning a child James West had with Shanet Lashay Clark, (4) a letter of complaint from James West addressed to the Texas Bar Judicial Board complaining about the procedure and outcome of the child support action regarding his child with Shanet Lashay Clark and requesting removal of various offenses from his criminal history record, (5) a letter from James West to his "Power Attorney" explaining the personal issues behind his child support dispute with Shanet Lashay Clark, and (6) various court documents from the child support hearing concerning the child of James West and Shanet Lashay Clark, including an Order Enforcing Child Support and Medical Support Obligation. Plaintiff has not explained how these attachments relate to her complaint against HUD, nor is their connection apparent to the undersigned. After review of these materials, the undersigned is of the opinion they have no bearing on any claim asserted in the Complaint and do not impact the analysis of Plaintiff's claims for relief.

refrain from filing, it is ORDERED that the Court Clerk shall restrict electronic access to this document.  Plaintiff is specifically and personally ORDERED to refrain from filing any further unredacted personal data of non-parties, including names of minor children, the full social security numbers of any individual, the full birth date of any individual, complete financial account numbers pertaining to any individual, and personally identifiable health information of any individual.

### B. Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it lacks an arguable basis in fact or law.  *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992)). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir.), cert. denied, 123 S. Ct. 660 (2002);  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in fact if it encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible."  *Denton,* 504 U.S. at 33, 112 S. Ct. at 1733; *see also Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 1831 (1989).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

The court must also initially examine the basis for federal subject matter jurisdiction. A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper.

*Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995). "If a statute requires a plaintiff to exhaust administrative remedies, [her] failure to do so deprives this court of subject-matter jurisdiction." *Lowe v. Colvin*, 582 Fed. App'x 323, 324 (5th Cir. 2014) (unpublished) (citing *Taylor v. U.S. Treas. Dep't*, 127 F.3d 470, 475 (5th Cir 1997) (per curiam)).

### C. Discussion

HUD—the Department of Housing and Urban Development—is a federal agency. Plaintiff's claims against HUD amount to tort claims of negligence, conversion, and misrepresentation. Compl. [#1] at 1. These allegations are properly construed as complaints against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq. See Lewis v. United States HUD*, 2013 U.S. Dist. LEXIS 76263, *2 (allegations that HUD negligently deleted housing application and negligently handled complaint were properly brought as FTCA claims).[3]

By statute, the FTCA waives the United States' immunity from suit only after a plaintiff exhausts her administrative remedies with the agency whose alleged negligence or wrongful act caused her damages. 28 U.S.C. § 2675(a). Presentment of a claim to the appropriate federal agency is a jurisdictional prerequisite. *Lewis*, 2013 U.S. Dist. LEXIS 76263 at *4 (citing *Life Partners Inc.*, 650 F.3d at 1030).

Plaintiff makes no factual allegation and attaches no documentation that would suggest she made any attempt to exhaust administrative remedies with HUD, whether in Missouri or Texas. *See generally*, Compl. [#1]. Plaintiff's failure to comply with statutory exhaustion

---

[3] The Court notes, however, that Plaintiff's claims for misrepresentation are not cognizable under the FTCA and should therefore be dismissed for failure to state a claim on which relief can be granted, irrespective of the jurisdictional analysis presented in Part II.C, above. 28 U.S.C. § 2680(h); *Life Partners, Inc. v. United States,* 650 F.3d 1026, 1030 (5th Cir. 2011)

requirements deprives this Court of subject matter jurisdiction. *Lowe*, 582 Fed. App'x at 324. Accordingly, the undersigned RECOMMENDS that Plaintiff's Complaint against HUD of Texas and Missouri be dismissed for lack of subject matter jurisdiction.

The undersigned notes that Plaintiff Ethel Lou West has multiple claims pending before this Court, each of which the undersigned has recommended be dismissed for lack of jurisdiction, failure to state a cognizable claim for relief, and/or frivolousness. Ms. West has previously had multiple claims dismissed before the Northern District of Texas, where she is currently domiciled, for failure to prosecute and as frivolous. Under these circumstances, the undersigned specifically warns Ms. West that sanctions may become appropriate when a pro se litigant develops a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

Based on Ms. West's current conduct in the Western District and her past litigation conduct in the Northern District of Texas, the Court warns Ms. West that if she continues to file meritless, vague, and impossible claims, the Court may impose sanctions in the future. Such sanctions may include a broad injunction, barring her from filing any future actions in the Western District of Texas without leave of court. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

### III. RECOMMENDATION

The Magistrate Court hereby GRANTS Plaintiff's Application to Proceed In Forma Pauperis.

Because voluminous attachments to Plaintiff's Complaint [#1] contain personal data identifiers of nonparties, IT IS ORDERED that the Clerk of this Court shall restrict electronic access to this document.

Plaintiff is specifically and personally ORDERED to refrain from filing any further unredacted personal data of non-parties, including names of minor children, the full social security numbers of any individual, the full birth date of any individual, complete financial account numbers pertaining to any individual, and personally identifiable health information of any individual.

The undersigned RECOMMENDS the District Court dismiss Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and FURTHER RECOMMENDS that the District Court DENY all other pending motions and requests for relief.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106

S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED on April 14, 2015.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE